UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                      No. 03-4003

DERRICK ALEXANDER ADAMS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-01-175-V)

Submitted: July 18, 2003

Decided: August 11, 2003

Before WILKINSON and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Char-
lotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United
States Attorney, Karen Marston Wilson, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Derrick Alexander Adams appeals his conviction for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). We affirm.

Following a bank robbery in Lowell, North Carolina, officers were alerted that the robber, a black male, had fled on foot. An officer searching the area of the robbery observed Adams standing by a car that was parked in an unusual manner. After the officer approached Adams, a neighbor informed the officer that the driver of the car had thrown something into a weedy area near a speed limit sign. A handgun was retrieved from that area. Adams was taken into custody. He admitted to an FBI agent that he had thrown the firearm because he was a convicted felon and knew he was not supposed to possess a gun. Following a suppression hearing, the district court found that the confession was voluntary and admissible at trial. A jury convicted Adams, who was sentenced to 235 months in prison.

Adams first contends that the district court erred when it ruled the confession admissible. He maintains that he would have invoked his right to counsel had he been told that the FBI agent was investigating a firearms offense instead of a bank robbery. Our de novo review of the hearing transcript convinces us that Adams' will was not overborne during the interrogation. *See Dickerson v. United States*, 530 U.S. 428, 433 (2000); *United States v. Pelton*, 835 F.2d 1067, 1071 (4th Cir. 1987). Adams' handcuffs were removed prior to interrogation, he admitted that he initialed and signed the *Miranda* form, *see Miranda v. Arizona*, 384 U.S. 436 (1966), and his *Miranda* rights had been administered to him previously on at least two occasions. The totality of the circumstances leads us to conclude that the statement was entirely voluntary. *See United States v. Elie*, 111 F.3d 1135, 1143-44 (4th Cir. 1997).

Adams does not claim to have asked for an attorney during the interrogation. However, he contends that, had he been informed that officers were investigating a firearms offense, he would have demanded an attorney. The purpose of the interrogation was to investigate the bank robbery; during the course of the interrogation, Adams admitted that he illegally possessed the handgun. Under the familiar *Miranda* warnings, anything that is said during an interrogation can be used against the accused—regardless of whether it pertains to the crime being investigated. We note that law enforcement "ha[s] no duty to advise [a defendant] of the identity of the specific offense for which he is being questioned." *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998).

Adams also complains that the court permitted witness Wreatha Johnson to be recalled. He states that she made a "suggestive and unreliable in-court identification [of Adams]." First, contrary to Adams' claim, Johnson never identified Adams as the person she saw throw something into the weedy area near his car. Instead, she testified that she saw the driver of the car throw something. Second, after defense counsel objected to the prosecutor's referring to "defendant" instead of "the driver" when asking Johnson what she observed, the court instructed the jury to disregard the prosecutor's use of the word "defendant" and to recall that Johnson had not identified the person she saw throw something into the bushes. The jury is presumed to follow the court's instructions. *See Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987). We discern no error in permitting the prosecutor to recall Johnson.

We accordingly affirm. We dispense with oral argument because the facts and legal arguments are adequately discussed in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*